The Honorable David Gibbons Prosecuting Attorney 5th Judicial District 100 W. Main, 4th Floor P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
This is in response to Deputy Prosecuting Attorney Bruce R. Wilson's request for an opinion regarding the collection of delinquent public employer contributions by the Arkansas Public Employees Retirement System (APERS). Mr. Wilson states:
 The Johnson County Quorum Court is experiencing problems with the manner in which Act 407 of 1989 is being applied. Would you please provide us with some assistance.
Mr. Wilson has not specified the exact problems experienced by the County in this regard. He has, however, provided copies of correspondence directed to the County from the APERS Member Services Supervisor and the Member Services Manager regarding APERS' procedures in connection with delinquencies.
RESPONSE
It must be initially noted that the applicable Arkansas Code provision in this regard is found at Arkansas Code Annotated § 24-4-202 (f) (Supp. 1997) (codification of Section 9 of Act 299 of 1997). The 1989 act referenced in Mr. Wilson's request and in the APERS correspondence was codified at A.C.A. § 24-4-203 (Repl. 1996). This provision was repealed by Act 299 of 1997. See Acts 1997, No. 299, § 26. While it is thus clear that the 1989 act no longer applies, the 1997 act incorporated most of the 1989 language. Section 24-4-202 (f) provides as follows:
 (f)(1) If any participating public employer fails to remit to the system those moneys which are required by law or regulation by the date and at the frequency established by the board, the system shall impose a penalty equal to the actuarially assumed rate of return on investments of the fund in the form of interest on an annual basis on the moneys due.
 (2) This interest shall be computed on the actual days of delinquency and shall be paid to the system for the purpose of reimbursing the trust fund for the money which would have been earned on the moneys had they been paid when due.
 (3) The interest penalty shall be determined by the system on the date the delinquent funds are received, and a statement of interest shall be sent to the participating public employer.
 (4) If the interest penalty or delinquent moneys are not received by the system by the last business day of the month in which the moneys were originally due, then the system shall cause the sums of moneys, including interest, to be transferred from any moneys due the participating public employer from the office of the Treasurer of State or the Department of Education as approved in § 19-5-106(a)(5).[1] 
A.C.A. § 24-4-202 (f) (Supp. 1997) (emphasis added).
Again, no specific question has been presented regarding the application of these procedures in Johnson County. I thus cannot opine specifically as to any problems being experienced in this regard. If the County has failed to remit "those moneys which are required by law or regulation" (see language emphasized above),[2] then it may generally be concluded that the procedures under § 24-4-202 (f) will be applicable. With the exception of the erroneous reference to the 1989 act, the correspondence from the APERS Member Services Supervisor appears, generally, to accurately outline the procedures consistent with § 24-4-202 (f). If anything, the APERS procedures appear to be more generous than § 24-4-202
(f) as regards the funds transfer authorized under subsection (f)(4). APERS is authorized under § 24-4-202 (f)(4) (see language emphasized above) to cause these moneys to be transferred in accordance with A.C.A. § 19-5-106 (a)(5) after the last business day of the month in which they were originally due. The procedures outlined by the APERS Member Services Supervisor would appear to allow more time for making payment before resorting to this funds transfer.
This opinion will hopefully offer general guidance in addressing the particular concerns in Johnson County.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] Section 19-5-106(a)(5) states in relevant part that "[t]he Chief Fiscal Officer of the State is authorized to direct the following transfer of funds . . . for the following purposes: . . . [t]o transfer funds on deposit in the State Treasury containing operating moneys for any . . . political subdivision of the state . . . responsible for administering . . . state retirement programs for public employees . . . in such amounts as shall be certified as being due, including any penalties due to delinquency obligations." A.C.A. § 19-5-106(a)(5) (Repl. 1998).
[2] The moneys required by law in this regard are the employer and employee contributions. See A.C.A. §§ 24-4-401 and -402 (Supp. 1997).